IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBBIE REYNOLDS | § | |
| | § | |
|    PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-cv-3126 |
| | § | |
| THE UNITED STATES OF AMERICA | § | |
| | § | |
|    DEFENDANT. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

   COME NOW, ROBBIE REYNOLDS, Plaintiff, complaining of THE UNITED STATES OF AMERICA, hereinafter sometimes referred to as Defendant and for cause, Plaintiff would respectfully show as follows:

### I.

### PARTIES

1. Plaintiff, Robbie Reynolds is an individual that resides in Beaumont, Jefferson County, Texas.

2. Defendant, the United States of America, pursuant to Federal Rule of Civil Procedure 4(i), may be served with service of process by serving a copy of the summons and complaint to the United States Attorney for the Southern District of Texas, Ryan K. Patrick at the following: 1000 Louisiana, Suite 2300, Houston, Texas 77002 and by sending a copy of the summons and complaint by certified mail to the Hon. Jeffrey A. Rosen, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

1

PLAINTIFF'S ORIGINAL COMPLAINT

II.

**JURISDICTION, VENUE, AND NOTICE**

3.     The Court has jurisdiction over the lawsuit because the action arises under the Federal Tort Claims Act, (28 U.S.C. §1346(b)) and it involves the United States Postal Service, a federal agency of the United States of America.

4.     Plaintiff, Robbie Reynolds presented her notice of claim, via Demand Letter on November 1, 2021, and supplemented notice of his claim via Standard Form 95, both within two (2) years from the date the claim accrued pursuant to the Federal Tort Claims Act, 39 C.F.R. 912.4, and all other applicable statutes.

III.

**FACTS**

5.      On September 19, 2020, Plaintiff was traveling westbound in the lane of the 3800 block of Jimmy Jonson Blvd. Matias Changala, a truck driver within the course and scope of his employment for the United States Postal Service ("U.S.P.S."), failed to yield the right of way and entered the intersection of Jimmy Johnson Blvd. colliding into Ms. Reynolds. The accident caused Plaintiff to suffer severe harm and discomfort in, among other places, her neck and upper and lower spine.

IV.

**DEFENDANT'S NEGLIGENCE**

6.     Defendant's negligence was the proximate cause of Plaintiff's injuries and damages. At all times relevant to this case, Matias Changala was acting within the scope of his employment and in his capacity as an agent, apparent agent, servant and/or employee of the United States of America and the United States Postal Service. Thus, pursuant to 28 U.S.C. §2679(a), this action properly

lists the United States as the sole defendant under the F.T.C.A. and the legal doctrine of respondeat superior.

7. On the occasion at issue, Matias Changala had permission from his employer, the U.S.P.S. and, in effect, the United States of America, to drive their truck and owed a duty to use reasonable ordinary care in the operation of the vehicle. Matias Changala operated his vehicle in a negligent manner. In doing so he violated his duty to Plaintiff by failing to exercise ordinary care in the operation of a vehicle in one or more of the following ways:

    a. Driving the vehicle at an excessive rate of speed immediately prior to the collision;

    b. Operating the vehicle in a careless and/or reckless manner;

    c. Failing to apply the brakes in time to avoid the collision with Plaintiff;

    d. Failing to keep a proper lookout;

    e. Failing to keep the vehicle under reasonable and proper control;

    f. Failing to pay full time and attention;

    g. Failing to control the speed of the vehicle;

    h. Failing to reduce the vehicle speed prior to the collision that would have been reasonably prudent under the same or similar circumstances; and

    i. Failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle; specifically, §545.062.

## V.

## DAMAGES

8. Plaintiff requests the Court to determine the amount of loss Plaintiff, Robbie Reynolds, has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages, provided by law, that the Plaintiff is entitled to have the Court in this case separately consider to

**PLAINTIFF'S ORIGINAL COMPLAINT**

determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for his injuries, disabilities, damages, and losses incurred and to be incurred. From the date of the incident until the time of trial, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Robbie Reynolds, are as follows:

    a. The physical pain that Plaintiff has suffered from the date of the incident up to the time or trial and in the future;

    b. The mental anguish that Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

    c. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the accident in question up to the time of trial and in the future;

    d. The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial and in the future;

    e. The disfigurement which Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

    f. The physical impairment which Plaintiff has suffered from the date of the incident up to the time of trial

## VI.  JURY DEMAND

Plaintiff requests a trial by jury. With this lawsuit, Plaintiff has deposited the required fee with the United States District Clerk.

## VII.

## PRAYER

Plaintiff, ROBBIE REYNOLDS, seeks all legally recoverable damages, including pre-judgment and post-judgment interest. Plaintiff's damages at this time are in excess of the minimal jurisdictional limits of this Court.

4

**PLAINTIFF'S ORIGINAL COMPLAINT**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ROBBIE REYNOLDS, prays that Defendant, THE UNITED STATES OF AMERICA, be cited in terms of law to appear and answer herein; that upon final trial hereof, Plaintiff has a judgment against Defendant for all available damages, punitive damages, legally recoverable pre-judgment and post-judgment interest, all costs of court, and any other further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**THE PAYNE FIRM, P. C.**

*/s/Marquise Bryant*
Marquise Bryant
State Bar No. 24105550
mbryant@paynelawfirm.com
The Payne Firm, P.C.
2900 Smith Street, Suite 200
Houston, TX  77006
Tel. (713) 2235100
Fax (713) 2220794

**ATTORNEY FOR PLAINTIFF**

**PLAINTIFF'S ORIGINAL COMPLAINT**